FILED

FEB 0 7 2005

E-filing

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF HARPER WOODS EMPLOYEES RETIREMENT SYSTEM, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AXT, INC., and MORRIS S. YOUNG, <br><br> Defendants. | No. C 04-04362 MJJ <br><br> **ORDER GRANTING PLAINTIFF THOMAS O. MORGAN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL** |
| ROBERTSON, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AXT, INC., and MORRIS S. YOUNG <br><br> Defendants. | No. C 04-05106 MJJ |

**INTRODUCTION**

In this securities class action lawsuit, Plaintiff Thomas O. Morgan ("Plaintiff") moves for consolidation, appointment as lead plaintiff, and approval of selection of lead counsel. Plaintiff Morgan's motion is unopposed by Defendant AXT, Inc.[1] or by any other plaintiff.[2] For the reasons stated below, the Court **GRANTS** Plaintiff Morgan's motion.

---

[1] On January 14, 2005, Defendant filed a statement of non-opposition to Morgan's Motion.

[2] Initially, the Behm Plaintiffs Group ("Behm") submitted a competing Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel. However, on January 13, 2005, Behm withdrew its motion.

## FACTUAL BACKGROUND

Plaintiff Morgan seeks to consolidate two pending class action lawsuits, brought on behalf of persons who purchased or otherwise acquired securities of Defendant AXT, Inc. The cases implicated in this motion are as follows:

- *City of Harper Woods Employees Retirement Sys. v. AXT, Inc.*, 04-04362 MJJ, filed on October 15, 2004; and

- *Robertson v. AXT, Inc.*, 04-05106 MJJ, filed on December 2, 2004.

In both actions, Plaintiffs allege that AXT and Morris S. Young, AXT's former Chairman and Chief Executive Officer, violated §§ 10 (b) and 20 (a) of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78(t)a, and Securities and Exchange Commission ("SEC") Rule 10b-5, 17C.F.R § 240.10b-5. Plaintiffs contend that AXT knew or recklessly disregarded that their statements were materially false and misleading because AXT did not follow the requirements for testing products (and for the provision of testing data and information) relating to customer requirements. Plaintiffs allege that as a consequence of this conduct, Defendants (1) failed to accrue accurate reserves; (2) falsely stated AXT's reported reserves, revenue and income; and (3) issued false statements that AXT would meet customer requirements.

Plaintiffs allege that on April 27, 2004, Defendants disclosed that the first quarter's financial review and verification process had been delayed due to an investigation by AXT's Audit Committee of certain product testing practices and policies. The following day, AXT's common stock dropped 13.64%. One day later, AXT's stock fell an additional 23% to close at $2.20. As a result, Plaintiffs and other members of the proposed class who sold their shares of AXT stock during the Class Period filed the instant action. Plaintiff Morgan, who had purchased or otherwise acquired AXT securities between February 6, 2001 and April 27, 2004 ("Class Period"), claims a loss of $119,148.71 due to AXT's alleged improprieties.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides that when cases involving common questions of law or fact are pending, a district court can consolidate the actions to avoid unnecessary costs or delay. District courts have broad discretion under Rule 42 to consolidate actions within the same

district. *Investors Research Co. v. U.S. Dist. Court*, 877 F.2d 777 (9th Cir. 1989). "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp 805, 807 (N.D. Cal. 1989). While it has broad discretion to consolidate, a court cannot permit the benefits of convenience and judicial economy to outweigh the concern for a fair and impartial trial. *Malcom v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993).

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), district courts must appoint a lead plaintiff in securities class action cases through a two-step process. First, not later than twenty days after the complaint is filed, the plaintiff who filed the complaint must publish, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported class that the action is pending and that any member of the purported class may move the court to serve as lead plaintiff within sixty days of the notice. 15 U.S.C. § 78u-4(a)(3)(A). Second, not later than ninety days after the date that notice is given to the proposed class members, the district court must consider any motion made by a purported class member in response to the notice, and must appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of the purported class members. 15 U.S.C. § 78u-4(a)(3)(B).

Under the PSLRA, the court must presume that the most adequate party to serve as lead plaintiff is the party that: (1) has filed a complaint or made a motion for lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(A)(iii). This presumption can only be rebutted by showing that (1) the proposed lead plaintiff will not fairly and adequately protect the interest of the class, or (2) such plaintiff is subject to unique defenses that render him incapable of adequately representing the class. *Id.*

Rule 23 sets forth the prerequisites for a class action as follows:

> (1) The class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

3

FED. R. CIV. P. 23(a).

As to the appointment of lead counsel, the PSLRA states that subject to court approval, the lead plaintiff is entitled to select and retain counsel who will represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v).

## ANALYSIS

### A. Motion for Consolidation

Plaintiff contends that consolidation is appropriate here since the two actions at issue involve common questions of law and fact. *See* FED. R. CIV. P. 42(a). First, the complaints in both lawsuits name AXT and certain officers and/or directors of AXT as defendants. Second, both cases raise the following questions of law: (1) whether Plaintiffs purchased or otherwise acquired AXT securities at artificially inflated prices as a result of Defendants' allegedly false and misleading statements; and (2) whether Defendants' conduct violates §§ 10(b) and 20(a) of the Exchange Act and SEC Rule 10-b5. Therefore, the cases involve common questions of law and fact. The court must next weigh the interests of judicial economy against the potential for delay, confusion, and prejudice. *Southwest Marine, Inc.*, 720 F. Supp. at 807.

The interests of judicial economy are particularly strong in securities class action cases. *Cadsen v. HPL Techs., Inc.*, No. C-02-3510 VRW, 2003 U.S. Dist. LEXIS 19606, at *5 (N.D. Cal. Sept. 29, 2003) (*citing Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1130 (C.D. Cal. 1999)). Furthermore, the PSLRA provides that consolidation should occur when the various securities class actions at issue assert substantially the same claim. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, as discussed *supra*, the cases involve similar claims of violations of federal securities law. Consolidating *City of Harper Woods Employees Retirement Sys. v. AXT, Inc.* and *Robertson v. AXT, Inc.* would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources. Moreover, there has been no allegation by AXT that delay, confusion, or prejudice would occur. Therefore, Plaintiff's motion for consolidation is **GRANTED**.

///
///
///

4

B.  **Lead Plaintiff Motion**

   1.  **Procedural Requirements**

On October 15, 2004, the day that *Harper Woods*, the first filed action, was filed, counsel published a notice of pendency in *Primezone* wire, announcing that a securities class action lawsuit had been filed against AXT. The notice also listed the alleged claims, the purported class period, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. On December 14, 2004, within the sixty-day period following publication of the notice of the pending action, as required by 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II), Plaintiff Morgan filed the instant motion. Attached to his motion, Plaintiff submits his certification attesting to his willingness to serve as representative of the class. Therefore, the Court finds that Plaintiff Morgan has satisfied the procedural requirements of 15 U.S.C. § 78u-4(a)(3)(B) to serve as lead plaintiff.

   2.  **Financial Interest**

The most capable plaintiff -and hence the lead plaintiff- is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). Plaintiff Morgan alleges that during the class period (February 6, 2001 through April 27, 2004) he suffered a loss of $119,148.71 as a result of AXT's alleged misconduct. Plaintiff contends that of all the purported class members, he has the largest financial interest in the relief sought in this action. This is disputed neither by AXT nor by any other plaintiff in the purported class. Accordingly, the court finds that Plaintiff Morgan satisfies the largest financial interest requirement.

   3.  **Rule 23**

When a court assesses a lead plaintiff motion, the inquiry should be focused on the typicality and adequacy requirements of Rule 23. *In re Cavanaugh*, 306 F.3d at 730. "[A] wide ranging analysis is not required when evaluating whether the parties meet the class action requirements" for purposes of deciding a motion of appointment of lead plaintiff. *Reiger v. Altris Software, Inc.*, No. 98v0528J, 1998 U.S. Dist. LEXIS 14705, at *7 (S.D. Cal. Sept. 14, 1998) (*citing Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)). Here, since Plaintiffs

have not yet sought to certify the class, the Court should focus its analysis on typicality and adequacy and defer examination of the remaining requirements until class certification is sought. *Greebel v. FTP Software Inc.*, 939 F. Supp. 57, 60 (D. Mass. 1996).

### a. Typicality

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the class. FED. R. CIV. P. 23(a)(3). Specifically, the typicality requirement is satisfied when the named plaintiffs: (1) suffer the same injuries as the absent class members; (2) as a result of the same course of conduct by the defendants; and (3) their claims are based on the same legal issues. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Here, Plaintiff Morgan asserts claims under §§ 10 and 20 of the Securities Exchange Act of 1934 and SEC Rule 10 b-5 promulgated thereunder. These claims are typical, if not identical, to the claims of other members of the purported class. Plaintiff Morgan and other members of the proposed class allege that Defendant AXT did not follow the requirements for testing products (and for the provision of testing data and information) relating to customer requirements. They allege that as a consequence of this conduct Defendants: (1) failed to accrue accurate reserves; (2) falsely stated its reported reserves, revenue, and income; and (3) issued false statements about meeting customer requirements. Plaintiff Morgan, like other members of the class, alleges that he acquired AXT securities during the Class Period at inflated prices and allegedly suffered damages thereby. Therefore, because Plaintiff Morgan alleges similar claims as the proposed class members and suffered financial losses similar to those of other class members which resulted from AXT's common course of conduct, Plaintiff Morgan satisfies the typicality requirement of Rule 23(a)(3).

### b. Adequacy

Whether a party can fairly and adequately protect the interests of the class depends on the following considerations: (a) the qualifications of counsel for the representatives; (b) an absence of antagonism between the proposed representative and other members of the proposed class; (c) shared interests between the representative and other members of the proposed class; and (d) the unlikelihood that the suit is collusive. *In re Dalkon Shield Litig.*, 693 F.2d 847, 855 (9th Cir. 1982) (*citing* 7 Wright & Miller, Federal Practice and Procedure §§ 1765-1769).

6

First, Plaintiff Morgan has retained Milberg, Weiss, Bershad & Schulman LLP (the "Firm") as counsel. The statement provided by the Firm describes its extensive experience in the area of securities class actions. Second, there is no evidence of antagonism between Morgan's interests and those of the class. Third, Plaintiff Morgan's interests do not appear to differ from the other class members, as all plaintiffs claim to have suffered financial losses as a result of AXT's alleged misconduct. Finally, there is no evidence that this suit is collusive. Thus, Plaintiff Morgan satisfies the adequacy requirement of Rule 23.

Plaintiff Morgan satisfies the requirements of Rule 23 and the procedural requirements of the PSLRA for appointment as lead plaintiff. Since no other member of the purported class has offered any evidence to rebut the presumption in favor of appointment, and since Behm has withdrawn its Motion for Appointment as Lead Plaintiff, Plaintiff Morgan's motion for appointment as lead plaintiff is **GRANTED**.

C.  **Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Plaintiff Morgan requests that the Court approve his selection of Milberg, Weiss, Bershad & Schulman LLP as lead counsel for the class. Morgan states that the Firm has extensive experience prosecuting securities class actions, such as this one, and is well qualified to represent the class. The Firm describes itself as follows:

> Milberg Weiss Bershad & Schulman LLP is the most respected and effective plaintiff firm in the United States. Founded in 1965, the firm now has more then 110 lawyers with principal offices in New York City and additional offices in Boca Raton, Florida; Wilmington, Delaware; Washington, D.C.; Seattle, Washington; and Los Angeles, California. The firm's practice focuses on the prosecution of class and complex actions in many fields of commercial litigation, emphasizing securities, corporate fiduciary, consumer, healthcare, antitrust, mass tort, human rights, and related areas of litigation.
>
> In the firm's early years, its founding partners, Lawrence Milberg and Melvyn I. Weiss, built a new area of legal practice in representing shareholders' interests under the then recently amended federal procedure Rule 23, which allowed securities fraud cases, among others, to proceed as class actions. In the following decades, the firm's lawyers obtained decisions that established important legal precedents in many of their areas of practice, and prosecuted cases that set benchmarks in terms of case theories, organization, discovery, trial results, methods of settlement, and amounts recovered and distributed to clients and class members.
>
> The firms' lawyers come from many different professional backgrounds. They include former state and federal prosecutors, private defense attorneys and government lawyers. The firm's ability to pursue all types of fraud is augmented by its 16-person team of

7

investigators, headed by a former agent of the Federal Bureau of Investigation, and its four full time forensic accountants.

Defendant AXT does not oppose the appointment of Milberg, Weiss, Bershad & Schulman LLP as lead counsel and no other firms have moved for appointment as lead counsel. Since the selected counsel appears to be experienced in securities class actions, the motion to appoint Milberg, Weiss, Bershad & Schulman LLP as lead counsel is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff Morgan's motion in its entirety. The *City of Harper Woods* case (No. C-04-04362) and the *Robertson* case (No. C-04-05106) are hereby consolidated. Plaintiff Thomas O. Morgan is hereby appointed as lead plaintiff and Plaintiff Morgan's choice of lead counsel, Milberg, Weiss, Bershad & Schulman LLP, is hereby approved.

**IT IS SO ORDERED.**

Dated: February 4, 2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

8