MILBERG WEISS LLP
JEFF S. WESTERMAN (SBN 94559)
jwesterman@milbergweiss.com
KAREN T. ROGERS (SBN 185465)
krogers@milbergweiss.com
CHERYL A. WILLIAMS (SBN 193532)
cwilliams@milbergweiss.com
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071-3172
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

Lead Counsel for the Class

CHARLES J. PIVEN
E-mail: piven@browerpiven.com
BROWER PIVEN, A Professional Corporation
The World Trade Center-Baltimore
401 E. Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 332-0030
Facsimile: (410) 685-1300

Plaintiff's Counsel

[Additional Counsel appear on Signature Page]

**FILED**

FEB 26 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS O. MORGAN, Individually and on Behalf of all others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AXT, INC., and MORRIS S. YOUNG,<br><br>Defendants. | Case No. C-04-04362 MJJ<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER AND FINAL JUDGMENT |

On the 26th day of February, 2008, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated as of September 10, 2007 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Plaintiff and the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired AXT securities between February 6, 2001 and April 27, 2004, inclusive (the "Class Period"), as shown by the records of AXT, Inc.'s transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *Investors' Business Daily* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff, all Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class he seeks to represent; (d) the Class Representative and Plaintiff's Lead Counsel have and will fairly

1 and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all those who purchased or otherwise acquired AXT securities between February 6, 2001 and April 27, 2004, inclusive (the "Class Period") and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of AXT at all relevant times, members of their immediate families (parents, spouses, siblings, and children) and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. No timely and valid requests for exclusion from the Class have been received.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiff, Lei Wei, as the Class Representative.

5. Notice of the Pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the Pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil

1  Procedure based upon all publicly available information, is hereby dismissed with prejudice and
2  without costs, except as provided in the Stipulation, as against the Defendants.

3        8.    Lead Plaintiff and members of the Class, on behalf of themselves, their heirs,
4  executors, administrators, successors and assigns, are hereby permanently barred and enjoined from
5  instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action
6  or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys'
7  fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based
8  on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed
9  or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-
10 matured, whether class or individual in nature, including both known claims and Unknown Claims
11 (which shall be defined broadly to include any and all provisions, rights and benefits conferred by
12 any law of any state or territory of the United States, or principle of common law, which is similar,
13 comparable, or equivalent to Cal. Civ. Code § 1542), (i) that have been asserted in this Action by the
14 Class Members or any of them against any of the Released Parties, or (ii) that could have been
15 asserted in any forum by the Class Members or any of them against any of the Released Parties
16 which arise out of or are based upon the allegations, transactions, facts, matters or occurrences,
17 representations or omissions involved, set forth, or referred to in the Complaint and relate to the
18 purchase of AXT securities during the Class Period (the "Settled Claims") (except that "Settled
19 Claims" does not mean or include claims, if any, against the Released Parties arising under the
20 Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") which are
21 not common to all Class Members) against any and all of AXT, Inc., Morris S. Young, Donald L.
22 Tatzin, and John E. Drury, their past or present subsidiaries, parents, successors and predecessors,
23 officers, directors, agents, employees, insurers, re-insurers, attorneys, advisors, investment advisors,
24 auditors, accountants and any person, firm, trust, corporation, officer, director or other individual or
25 entity in which any Defendant has a controlling interest or which is related to or affiliated with any
26 of the Defendants, and the legal representatives, heirs, successors in interest or assigns of the
27 Defendants (the "Released Parties"). The Settled Claims are hereby compromised, settled, released,
28

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO. C-04-04362 MJJ     - 3 -
DOCS\426817v1

discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against the Lead Plaintiff, any of the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled Defendants' Claims"). The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or

1 administrative action or proceeding, other than such proceedings as may be necessary to effectuate
2 the provisions of the Stipulation; provided, however, that the Defendants may refer to it to effectuate
3 the liability protection granted them hereunder;

4     (d)    construed against the Defendants as an admission or concession that the
5 consideration to be given hereunder represents the amount which could be or would have been
6 recovered after trial; or

7     11.    construed as or received in evidence as an admission, concession or presumption
8 against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that
9 any defenses asserted by the Defendants have any merit, or that damages recoverable under the
10 Complaint would not have exceeded the Gross Settlement Fund.

11     (a)    The Court finds that all parties and their counsel have complied with each
12 requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13     12.    The Court will enter separate Orders concerning the Plan of Allocation and Plaintiffs'
14 Counsel's motion for the award of attorneys' fees and reimbursement of expenses. Exclusive
15 jurisdiction is hereby retained over the parties and the Class Members for such matters and for all
16 other matters relating to this Action, including the administration, interpretation, effectuation or
17 enforcement of the Stipulation and this Order and Final Judgment, and including any application for
18 fees and expenses incurred in connection with administering and distributing the settlement proceeds
19 to the members of the Class.

20     13.    Without further order of the Court, the parties may agree to reasonable extensions of
21 time to carry out any of the provisions of the Stipulation.

Dated: 2/26/2008

The Honorable Martin J. Jenkins
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO. C-04-04362 MJJ
DOCS\426817v1

- 5 -

1 | Submitted By:
2 | MILBERG WEISS LLP
  | JEFF S. WESTERMAN
3 | KAREN T. ROGERS
  | CHERYL A. WILLIAMS
4 |
5 |
6 |       */s/ Jeff S. Westerman*
  |         JEFF S. WESTERMAN
7 |
  | One California Plaza
8 | 300 S. Grand Avenue, Suite 3900
  | Los Angeles, CA 90071
9 | Telephone: (213) 617-1200
  | Facsimile: (213) 617-1975
10|
  | Lead Counsel for the Class
11|
  | CHARLES J. PIVEN
12| E-mail: piven@browerpiven.com
  | BROWER PIVEN, A Professional Corporation
13| The World Trade Center-Baltimore
  | 401 E. Pratt Street, Suite 2525
14| Baltimore, Maryland 21202
15| Telephone: (410) 332-0030
  | Facsimile: (410) 685-1300
16|
  | DAVID A. BROWER
17| E-mail: brower@browerpiven.com
  | BROWER PIVEN, A Professional Corporation
18| 488 Madison Avenue, 8th Floor
  | New York, NY 10022
19| Telephone: (212) 501-9000
  | Facsimile: (212) 501-0300
20|
  | Plaintiff's Counsel
21|
22|
23|
24|
25|
26|
27|
28|

[PROPOSED] ORDER AND FINAL JUDGMENT
CASE NO. C-04-04362 MJJ

- 6 -

DOCS\426817v1