```
 1  MILBERG LLP
    JEFF S. WESTERMAN (SBN 94559)
 2  jwesterman@milberg.com
    KAREN T. ROGERS (SBN 185465)
 3  krogers@milberg.com
    One California Plaza
 4  300 S. Grand Avenue, Suite 3900
    Los Angeles, CA 90071-3172
 5  Telephone:  (213) 617-1200
    Facsimile:   (213) 617-1975
 6
    Lead Counsel for the Class
 7
    CHARLES J. PIVEN
 8  E-mail: piven@browerpiven.com
    BROWER PIVEN, A Professional Corporation
 9  The World Trade Center-Baltimore
    401 E. Pratt Street, Suite 2525
10  Baltimore, Maryland 21202
    Telephone:  (410) 332-0030
11  Facsimile:   (410) 685-1300

12  Plaintiff's Counsel

13  [Additional Counsel appear on Signature Page]

14
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS O. MORGAN, Individually and on Behalf of all others Similarly Situated, | Case No. C-04-04362 MJJ |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | [~~PROPOSED~~] ORDER Re:  DISTRIBUTION OF CLASS SETTLEMENT FUND |
| AXT, INC., and MORRIS S. YOUNG, | |
| Defendants. | |

[PROPOSED] ORDER Re:  DISTRIBUTION OF CLASS SETTLEMENT FUND
CASE NO.  C-04-04362 MJJ

DOCS\460020v1

1  **WHEREAS**, on February 26, 2008 this Court entered an Order and Final Judgment approving the terms of the Stipulation and Agreement of Settlement dated as of September 10, 2007 (the "Stipulation") and the Plan of Allocation; and

4  **WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation; and

6  **WHEREAS**, this Court has retained jurisdiction of the above-captioned action (the "Action") for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proof of Claim forms ("Proofs of Claim") and the distribution of the Net Settlement Fund to the Authorized Claimants.

11  **NOW, THEREFORE**, upon reading and filing the Affidavit of Lara McDermott of Gilardi & Co. LLC, the Claims Administrator, and the memorandum of law, and upon all prior proceedings herein and after due deliberation, it is hereby

14  **ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Lara McDermott including claims submitted after March 28, 2008 through and including December 31, 2008, be and the same hereby are approved, and said claims are hereby accepted; and it is further

19  **ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of Lara McDermott be and the same hereby are approved, and said claims are hereby rejected; and it is further

23  **ORDERED**, that Gilardi & Co. LLC be paid the sum of $27,536 from the Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the settlement administration and distribution of the Net Settlement Fund; and it is further

27  **ORDERED**, that the Certified Public Accounting firm of Eisner LLP, the tax accountants for the Settlement Fund, be paid the sum of $6,000 from the Settlement Fund for its fees and expenses

incurred and to be incurred in connection with services performed and to be performed with respect to the taxation of the Settlement Fund herein for the years 2007 and 2008; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Lara McDermott[1] in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout; and it is further

**ORDERED**, that the payments to be distributed to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE]," the "DATE" being one year from the date checks are initially mailed (see Doc. # 144 at 6:23-27). Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such Authorized Claimants shall be payable from the unclaimed/un-cashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Lead Counsel are authorized to cause the Claims Administrator to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid distributions or otherwise, to eligible claimants who have cashed their distributions, provided that they would receive at least $10.00 on such re-distribution based on their Recognized Claims, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such

---

[1] Provided however that Lead Plaintiff's Counsel are authorized to withhold payment from any claimant suspected of filing a fraudulent claim. Any such withheld payment shall be retained in the Settlement Fund pending determination of the validity of the claim.

1  balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by
2  Plaintiffs' Lead Counsel; and it is further

3  **ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or
4  any other aspect of the processing of the claims submitted herein, or otherwise involved in the
5  administration or taxation of the Settlement Fund or the Net Settlement Fund are released and
6  discharged from any and all claims arising out of such involvement, and all Class Members, whether
7  or not they are to receive payment from the Net Settlement Fund are barred from making any further
8  claim against the Net Settlement Fund or the released persons beyond the amount allocated to them
9  pursuant to this Order, and it is further

10  **ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard
11  copies of the Proofs of Claim and supporting documents not less than one year after the initial
12  distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media
13  data not less than three years after the initial distribution of the Net Settlement Fund to the eligible
14  claimants; and it is further

15  **ORDERED**, that this Court retain jurisdiction over any further application or matter which
16  may arise in connection with this Action; and it is further

17  **ORDERED**, that no claim submitted, and no deficient claim corrected, after December 31,
18  2008 may be accepted for any reason whatsoever.

19  Dated: ___March 3_____ 2009        _____
                                              UNITED STATES DISTRICT COURT JUDGE